a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADAM MOHAMED HASSAN GBRIL, Petitioner | DOCKET NO. 1:25-CV-01446 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Adam Mohamed Hassan Gbril ("Gbril"). Gbril is an immigration detainee at River Correctional Central in Ferriday, Louisiana. He challenges the legality of his continued detention.

To determine whether Gbril may be entitled to relief, he must AMEND the Petition.

I. Background

Gbril is a native and citizen of Sudan. He was granted withholding of removal on February 27, 2025. ECF No. 1-3 at 1. Gbril argues that his removal is unlikely to occur in the reasonably foreseeable future because he is not a citizen of the country to which ICE is seeking to remove him. ECF No. 1-1 at 4.

## II. Law and Analysis

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Gbril fails to provide any reason why the Government will not be able to remove him to a third country. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements)). He does not identify the country to which ICE is attempting to deport him. Nor does he state whether he has or will present a fear-based claim as to that country. When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Gbril must amend his Petition to identify the country to which ICE is attempting to deport him; whether that country has refused to issue travel

documents; and whether he has made a fear-based claim as to that country. Gbril should also provide any evidence that supports his claim.

### III. Conclusion

Because additional information is required to review Gbril's claim, IT IS ORDERED that he AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, October 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE